JS-6

Janice M. Bellucci, Esq., SBN 108911
LAW OFFICES OF JANICE M. BELLUCCI
235 East Clark Avenue, Suite C
Santa Maria, California 93455
Tel: (805) 896-7854
Fax: (805) 349-8872
JMBellucci@aol.com

Attorneys for Plaintiff
FRANK LINDSAY

FILED
CLERK, U.S. DISTRICT COURT
OCT - 1 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANK LINDSAY, an individual,<br><br>   Plaintiffs,<br><br>vs.<br><br>CITY OF BEAUMONT, etc., et al.,<br><br>   Defendants. | CASE NO. EDCV-14-01285 R (RZx)<br><br>[~~PROPOSED~~] ORDER FOR DISMISSAL<br><br>Judge: Hon. Manuel Real<br><br>Trial Date:   None Set |

## ORDER

The Court has reviewed the Stipulation set forth above, and the terms and conditions of the Settlement Agreement attached to this Order as Exhibit "A" and incorporated in this Order as if fully set forth in it. Good cause appearing.

IT IS ORDERED that:

1. This matter is dismissed with prejudice;
2. The dismissal is expressly conditioned on the terms and conditions of the Settlement Agreement attached to and incorporated in this Order;
3. The Court retains jurisdiction of this matter for the purpose of taking any action required to enforce the terms of the attached Settlement Agreement, which is a part of this Order; and

4.  Defendant City of Beaumont shall pay the Family Safety Foundation the total sum of Seven Thousand Five Hundred Dollars ($7,500) as and for attorneys' fees and litigation costs, as provided for in the Settlement Agreement.

Dated: 10-1-14

_____
The Honorable MANUEL REAL
JUDGE OF THE U.S. DISTRICT COURT

## CONDITIONAL SETTLEMENT AGREEMENT

This Conditional Settlement Agreement ("Agreement") is made and entered into, as of September ___, 2014, by and among the City of Beaumont, a public entity (the "City"), and Plaintiff Frank Lindsay ("Plaintiff"). The City and Plaintiff are collectively referred to herein as the "Parties."

### Recitals

**A. *Whereas*,** Plaintiffs commenced an action on March 24, 2014 in the United States District Court for the Central District of California (the "District Court") entitled *Frank Lindsay vs. City of Beaumont,* Case No. EDCV-14-01285 R (RZx) (the "Action");

**B. *Whereas*,** the Action challenges the certain provisions of the City's Ordinance 1013 (Beaumont Municipal Code Chapter 9.38 (hereinafter "Ordinance")) as facially unconstitutional. Plaintiff alleges multiple bases upon which the Ordinance can be found facially unconstitutional as described in further detail in Plaintiff's complaint. The City denies each and every allegation in the complaint and maintains that the Ordinance does not violate any of the United States Constitution, the California Constitution, and/or any state or federal statute; and,

**C. *Whereas*,** the Parties agree that further litigation of the issues raised in the Action is not a productive or efficient use of the Parties' time and resources and, therefore, have agreed to resolve the Action pursuant to the terms set forth below;

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

**1. Approval of this Agreement by City Council.**

1.1 The City Council has directed the City Manager and City Attorney to negotiate the terms of settlement and resolution of the Action with Plaintiff. The terms of this Agreement are consistent with the settlement authority provided by the City Council.

**2. Amendment of the Ordinance.**

2.1 The City placed on the City Council's agenda for consideration and introduction an amendment to the Ordinance to eliminate the presence restrictions for registered sex offenders in the city of Beaumont.

2.3 Said amended Ordinance was adopted on second reading of the amendment to the Ordinance.

2.4 The Ordinance was approved during the public portion of the City Council meeting, proposed amended Ordinance was read pursuant to California Government Code § 36934, and the public was allowed to comment with respect to the proposed amended Ordinance. The Parties expressly agree that any and all statements made by any City official, council member, commissioner, director, officer, employee, deputy, agent, attorney or any other City representative relating to the proposed amended Ordinance during the public portion of any City Council meeting are deemed statements made during compromise negotiations of this Action and

4811-2898-2558.1

EXHIBIT A

are expressly inadmissible pursuant to Federal Rules of Evidence, Rule 408 in this Action or any other proceeding related to the issues presented by this Action.

3.  **Dismissal of Action With Prejudice.**

   3.1   Within five (5) business days of the City's approval of this Agreement, the Parties will execute and file a Stipulation Pursuant to Federal Rules of Civil Procedure, Rule 41 for Dismissal of the Action ("Stipulation for Dismissal").

4.  **Payment of Costs and Attorney's Fees by City and Release of Claims.**

   4.1   Within ten (10) days after the filing of the Stipulation for Dismissal, the City shall cause the sum of Seven Thousand Five Hundred Dollars ($7,500), which amount represents the total sum of agreed upon reasonable attorneys' fees and litigation costs incurred by Plaintiff in prosecution of this matter, to be paid by check delivered to Plaintiffs' counsel and made payable to the Family Safety Foundation.

   4.2   Except to the extent that attorneys' fees and litigation costs are to be paid in accordance with Section 4.1 of this Agreement, all other claims for attorneys' fees and/or litigation costs of any kind incurred by the Parties as a result of their prosecution or defense of the Action are expressly waived, including, but not limited to, any attorneys' fees and/or litigation costs incurred for the negotiation, drafting, and/or implementation of this Agreement.

   4.3   Except as to the rights created by this Agreement, upon execution of this Agreement, each and every Plaintiff does for himself or herself, and his or her respective heirs, executors, administrators, successors, and assigns, hereby irrevocably, fully, finally and forever release, acquit and forever discharge the City and all present and former officials, council members, commissioners, directors, officers, employees, deputies, agents, representatives, attorneys, servants, affiliates, departments, divisions, branches, and commissions of the City and their heirs, successors, assigns, and legal representatives, and each of them from any and all claims, demands, cause or causes of action, damages or costs, and/or liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, arising out of, connected with or incidental to the allegations described or referred to in this Agreement and/or the Action occurring prior to the date of filing of the Stipulation for Dismissal.

   Furthermore, this Agreement includes an express waiver of California Civil Code § 1542, which states:

   > "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

5. **Failure to Perform, Notice to Cure and Notice of Termination.**

    5.1 In the event that Plaintiff believes that the City has failed to approve this Agreement, Plaintiff shall notify the City in writing of the alleged failure to meet the conditions set forth herein and demand that City cure the same ("Notice to Cure"). Any Notice to Cure shall be delivered via regular U.S. Mail or overnight mail to: Office of the City Attorney, Attn: David Wysocki, c/o City Hall, 550 E. 6th Street, Beaumont, CA 92223. The Parties agree that they will meet and confer, after service of the Notice to Cure, in an attempt to correct those matters contained in the Notice to Cure. If this Agreement has not been approved and/or the Ordinance has not been amended within thirty (30) days after service of a Notice to Cure, the Plaintiffs, in their sole discretion, may serve written notice of termination of this Conditional Settlement Agreement ("Notice of Termination") via regular U.S. Mail or overnight mail to Office of the Office of the City Attorney, Attn: David Wysocki, c/o City Hall, 550 E. 6th Street, Beaumont, CA 92223. A Notice of Termination is effective upon deposit in the mail or delivery to the overnight mail carrier.

6. **Enforcement of Conditional Settlement Agreement.**

    6.1 Upon approval of this Agreement by the City Council, this Agreement is binding and may be enforced pursuant to California Code of Civil Procedure § 664.6, or any other procedure permitted by law in the applicable state or federal court. Furthermore, it is expressly agreed between the Parties that this Agreement is admissible and subject to disclosure for purposes of enforcing the terms and conditions contained herein and that any state or federal statute that would bar admissibility of the Agreement in a later proceeding to enforce the same is hereby waived.

7. **Additional Provisions.**

    7.1 <u>No Admission of Liability.</u> Each of the Parties understands and hereby agrees that except as expressly set forth herein, this Agreement is not to be construed as an admission of any form of liability whatsoever on the part of any Party.

    7.2 <u>Covenants Regarding Assignments.</u> Each Party hereby represents and warrants to the other Parties that it has not heretofore assigned, transferred or hypothecated or purported to assign or transfer or hypothecate, or will in the future assign, or transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action or cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any of the matters, facts, events or circumstances addressed herein.

    7.3 <u>Entire Agreement.</u> This Agreement, including all exhibits and addenda incorporated by reference, represents the entire agreement and understanding between the Parties and supersedes any prior agreement, understanding, or negotiations (orally or in writing) respecting such subject.

    7.4 <u>Captions and Pronouns.</u> Any titles, captions, or subheadings contained in this Agreement are for convenience only and shall not be deemed part of the context of this Agreement or considered in any interpretation or construction of this Agreement. Whenever the

masculine, feminine or neuter genders are used herein, as required by the context or particular circumstance, they shall include each of the other genders as appropriate. Whenever the singular or plural numbers are used, they shall be deemed to be the other as required. Wherever the present or past tense is utilized in this Agreement and the context or circumstances require another interpretation, the present shall include the past and future, the future shall include the present, and the past shall include the present.

    7.5    <u>Consideration.</u>  The Parties hereby expressly acknowledge and agree that each and every term and condition of this Agreement is of the essence of this Agreement, constitutes a material part of the bargained for consideration without which this Agreement would not have been executed, and is a material part of the Agreement.

    7.6    <u>Further Acts.</u>  Each of the Parties agrees to execute any and all further documents that may be necessary or appropriate to make this Agreement legally binding upon each of the other Parties, their officers, directors, agents, employees, attorneys, representatives, subsidiaries, affiliates, predecessors, successors and assigns.

    7.7    <u>Severability.</u>  In the event that any provision or any part of any provision of this Agreement shall be void or unenforceable for any reason whatsoever, then such provision shall be stricken and of no force and effect. The remaining provisions of this Agreement, however, shall continue in full force and effect, and to the extent required, shall be modified to preserve their validity.

    7.8    <u>Amendments, Modifications, and Waivers.</u>  Provisions of this Agreement may be amended, modified, or waived only by a writing signed by the Parties.

    7.9    <u>Representations and Warranties.</u>  The Parties represent and warrant to and agree with each other as follows:

        7.9.1  Each Party has received independent legal advice from attorneys of its choice with respect to the advisability of making this settlement and with respect to the advisability of executing this Agreement.

        7.9.2  Except as is expressly stated in this Agreement, no Party has made any statement or representation to any other Party regarding any fact that has been relied upon by any other Party in entering into this Agreement. In connection with the execution of this Agreement or the making of the settlement provided for herein, no Party has relied upon any statement, representation or promise of any other Party or their attorney not expressly contained herein.

        7.9.3  This Agreement is intended to be final and binding upon the Parties and is further intended to be effective as a full and final accord and satisfaction among them regardless of any claims of fraud, misrepresentation, concealment of fact, mistake of fact or law, duress or any other circumstances whatsoever. Each Party relies upon the finality of this Agreement as a material factor inducing that Party's execution of this Agreement.

7.9.4   The terms of this Agreement are contractual and are the result of negotiations among the Parties. Each Party has cooperated in the drafting and preparation of this Agreement. Accordingly, in any construction to be made of this Agreement, the same shall not be construed against any Party.

7.9.5   This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties.

7.10   Authority. The individual or individuals signing this Agreement on behalf of each Party has been validly authorized and directed to sign this Agreement on behalf of that Party and by signing in such capacity will bind that Party, and all individuals and entities on whose behalf he or she signs, to all of the terms of this Agreement. Specifically, attorney Janice Bellucci signing this Agreement on behalf of plaintiff Frank Lindsay expressly represents and warrants that she agrees to defend and indemnify the City from any action or proceeding challenging or relating to that individual's authority to execute this Agreement.

7.11   Counterparts. This Agreement may be executed in one or more counterparts, each of which when executed and delivered will be an original, and all of which when executed will constitute one and the same instrument. Any counterpart delivered by electronic means, including but not limited to, e-mail or fax or that contains a photocopied signature shall be deemed an original.

7.12   Governing Law. This Agreement shall be in accordance with and be governed by the laws of the State of California.

IN WITNESS WHEREOF, the parties hereto have caused this Conditional Settlement Agreement to be executed by duly authorized representatives.

CITY OF BEAUMONT

By Alan Kapanicas
Its City Manager

APPROVED AS TO FORM:

By: _____
Arthur K. Cunningham of
LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant
City of Beaumont

PLAINTIFF FRANK LINDSAY

*[signature]*

APPROVED AS TO FORM:
LAW OFFICE OF JANICE M. BELLUCCI

By *[signature]*
Janice M. Bellucci
Attorney for Plaintiff